381 So.2d 373 (1980)
Howard A. PACHA, Relator,
v.
Honorable Dominick J. SALFI, Circuit Judge, Seminole County, Florida; Carl Gjelhaug and Evelyn Gjelhaug, His Wife; and Albert Byrnes and Sandra Byrnes, His Wife, Respondents.
No. 79-3.
District Court of Appeal of Florida, Fifth District.
March 26, 1980.
Ned N. Julian, Jr., of Stenstrom, Davis, McIntosh & Julian, Sanford, for relator.
Jim Smith, Atty. Gen., and Thomas A. Beenck, Asst. Atty. Gen., Tallahassee, for respondent Salfi.
Kenneth R. Marchman of Hunter, Pattillo, Marchman, McGuire & Mapp, Winter Park, for respondents Gjelhaug.
No appearance for respondents Byrnes.
COBB, Judge.
The petitioner, Howard A. Pacha, seeks a writ from this Court prohibiting the respondent, a circuit judge, from entertaining further proceedings upon a petition filed in the lower court seeking to establish grandparent visitation rights.
The salient facts herein are that the petitioner married one Carolyn Gjelhaug in 1970, at which time Carolyn was the mother and custodian of an illegitimate two-year old child, Alisa. The three lived together as *374 a family unit, although Pacha did not adopt Alisa, until Carolyn was killed in an automobile accident in 1977. Pacha then commenced adoption proceedings and a competing petition was filed by the child's maternal aunt and her husband, Sandra and Albert Byrnes. After protracted litigation, the trial court ruled in favor of Pacha and entered a judgment of adoption on April 4, 1979. That judgment is now on an appeal taken by the Byrneses.
On April 5, 1979, the day after entry of the judgment of adoption, the maternal grandparents of Alisa, Carl and Evelyn Gjelhaug, served a petition for leave to intervene in the cause to establish their rights of visitation with Alisa pursuant to Section 68.08, Florida Statutes (1978).[1] The trial court took this petition under advisement, finally granting it by an order entered June 4, 1979. Immediately, the Gjelhaugs filed and served a "petition to establish grandparent visitation rights." Prior to any ruling on this petition, Pacha filed his petition for prohibition against the trial court, joining the intervenors (the Gjelhaugs) and the appellants (the Byrneses) as respondent parties.
The petitioner's argument is simple: Section 63.172(b), Florida Statutes (1978) provides, in part, that the legal fact of a judgment of adoption "terminates all legal relationships between the adopted person (Alisa Gjelhaug Pacha) and his relatives ... so that the adopted person thereafter is a stranger to his former relatives for all purposes ..." Since Carl and Evelyn Gjelhaug ceased to be the grandparents of Alisa on April 4, 1979, with the entry of the final judgment of adoption in favor of her step-father, the trial court has no authority to entertain a petition for visitation by legal strangers, hence should be prohibited from even entertaining this petition, after erroneously having allowed their intervention in the cause for the purpose of asserting non-existent visitation privileges.
The respondent circuit judge contends that, since the circuit court of Seminole County is vested with jurisdiction over child custody matters, it is his province to make the initial determination concerning the interplay between Sections 68.08 and 63.172(b), Florida Statutes, and if his determination should be erroneous, then petitioner's remedy is appeal, not prohibition.
The respondents Gjelhaug argue that insofar as the two statutes are irreconcilable, that the last expression of the legislative will prevails, citing Askew v. Schuster, 331 So.2d 297 (Fla. 1976). Since Section 68.08, Florida Statutes, was enacted subsequent to the quoted language of Section 63.172(b), Florida Statutes, the later enactment pertaining to grandparent visitation privilege should supersede the earlier adoption statute.
In the petitioner's reply brief directed to the argument of respondent Salfi, it is asserted that the trial court's order of intervention is not subject to interlocutory appellate review. We disagree. See Fla.R. App.P. 9.130(a)(4). The order granting intervention is a non-final order entered after final order on an authorized motion. Hence, the method prescribed by that rule afforded the petitioner Pacha an adequate and complete remedy for review of the order granting intervention entered on June 4, 1979. The petitioner failed to appeal that order within the prescribed period of thirty days. The petition for writ of prohibition was not filed until August 7, 1979, and was therefore too late for us to consider as a proper appeal sought by an improper remedy pursuant to Fla.R.App.P. 9.040(c). If we entertain this petition for prohibition, we are extending to the petitioner the privilege of an untimely appeal.
A writ of prohibition is an extraordinary writ, extremely narrow in scope, that is to be employed only in emergency situations *375 where the petitioner has no other adequate remedy. English v. McCrary, 348 So.2d 293 (Fla. 1977); Public Employees Relations Commission v. District School Board, 374 So.2d 1005 (Fla.2d DCA 1979). It cannot be allowed to usurp the function of an appeal. Curtis v. Albritton, 101 Fla. 853, 132 So. 677 (1931). The petitioner had an adequate remedy in regard to the order granting intervention; he has another in the event the trial court grants visitation privileges to the Gjelhaugs.
The petition for writ of prohibition is denied.
ORFINGER and UPCHURCH, JJ., concur.
NOTES
[1] Visitation rights; grandparents of minor child.  Any court of this state which is competent to decide child custody matters shall have jurisdiction to award the grandparents of a minor child or children upon the death of or desertion by one of the minor child's parents if it is deemed by the court to be in the minor child's best interest. Section 68.08, Florida Statutes (1978).