444 So.2d 1029 (1984)
Lori SANDOR, Appellant,
v.
Roger E. SANDOR and Cynthia A. Sandor, Appellees.
No. 83-1798.
District Court of Appeal of Florida, Third District.
January 17, 1984.
Rehearing Denied February 20, 1984.
Guy Spiegelman, Miami, for appellant.
Edward C. Vining, Jr., Miami, for appellees.
Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal taken by the former wife [Lori Sandor] from an order granting child visitation rights to the half-sister of the parties' minor children in post-marriage dissolution proceedings. The former wife had previously, by court order, been granted custody of the parties' two minor children. The former husband [Roger E. Sandor] has since remarried and has another child, a daughter, born of his second marriage; this child is the half-sister of the *1030 parties' minor children. The former husband has since disappeared, and his present wife [Cynthia A. Sandor] petitioned the court below to allow her daughter [the half-sister herein] to be allowed visitation rights with the parties' minor children. All three children had at one point lived together with the former husband. The trial court granted the motion and allowed their half-sister to visit the said minor children under certain stated restrictions.
The law is well-settled that "[a]n order granting visitation rights to a nonparent of a child whose custody has been awarded to a fit parent ... is unjustified and unenforceable." Rodriguez v. Rodriguez, 295 So.2d 328, 329 (Fla.3d DCA 1974); see also Parker v. Gates, 89 Fla. 76, 103 So. 126 (1925); Tamarago v. Tamarago, 348 So.2d 1163 (Fla.2d DCA 1977); Sheehy v. Sheehy, 325 So.2d 12 (Fla.2d DCA 1975); Lee v. Kepler, 197 So.2d 570 (Fla.3d DCA 1967). The only exception to this rule is that, by statute, the court may award child visitation rights to the grandparents of a minor child. § 61.13(2)(b)(2)(c), Fla. Stat. (Supp. 1982). As custody of the minor children herein has been awarded by the court to the former wife, it is plain that the order under review awarding visitation rights to the half-sister of the minor children must be reversed as being unjustified and unenforceable.
The order under review is reversed and the cause is remanded to the trial court with directions to vacate the said order and to dismiss all proceedings directed toward implementing the said order.
Reversed.
FERGUSON, Judge (dissenting).
This is not a case, as the majority opinion suggests, where Cynthia instituted proceedings against Lori seeking visitation rights between her child and Lori's children. Instead, Cynthia sought and obtained an order to continue visitation rights which had already been granted to Roger, the father of all of the children. Lori's argument is that since Roger is out of the state, she may unilaterally regard the visitation order as moot, and Cynthia has no standing to enforce it on behalf of her child. The trial judge correctly ignored the petty hostilities between the mothers and looked solely to the children's wishes and best interests  for good reason.
Two children were born of the marriage between Lori and Roger. That marriage was dissolved in 1979. Shortly thereafter, Roger married Cynthia and they had a child. The three children, two of the first marriage and the one of the second marriage, lived with Roger and Cynthia for approximately 2 1/2 years. In November, 1981, Lori obtained a change of custody order with regard to her two children. Pursuant to this order, liberal visitation rights were reserved to Roger, which rights were enjoyed by the children. It is this order Cynthia sought to enforce.
The matter was referred to a General Master who took testimony and made findings of fact and recommendations which were adopted by the trial court. The recommendations included a schedule for visitation between the children once a month. The circuit court went much further, referring the case to the Conciliation Unit to recommend a plan for the designation of a neutral third party to supervise the visitations  to allay Lori's concerns.
Those cases cited by the majority, which hold as void an order granting visitation rights to a nonparent where custody has been awarded to a fit parent, are entirely inapposite. Here, Roger had been granted visitation rights as the father of Lori's children, and all of the children benefitted from this arrangement. The fact that Roger is out of the state at this time should not preclude the court from continuing the force of the order on behalf of the children. It does not appear from the record that Roger's absence is other than temporary. The posture of the case would have been different, and perhaps my view as well, if it were before us on Lori's appeal from an order denying a good cause motion to terminate Roger's visitation rights.
*1031 The remedy created by the trial court was a commendable exercise of discretion. The reversal of that order penalizes the children unjustly. I would affirm.