544 So.2d 1079 (1989)
Christina M. FISCHER, n/k/a Christina M. Price, Appellant,
v.
Michael L. FISCHER, and Everett Reihing and Leota Reihing, Appellees.
No. 88-03314.
District Court of Appeal of Florida, Second District.
June 9, 1989.
Sharon D. McIntyre, Sebring, for appellant.
Anthony A. Accorsi, Sebring, for appellees Reihings.
FRANK, Judge.
The narrow issue presented for our consideration in this dissolution matter is whether the trial court properly allowed the maternal great-grandparents to intervene with the ultimate objective of seeking court-ordered visitation with the minor great-grandchild. The trial court erred.
We note at the outset that the parties have confused the sole issue we are empowered to consider by raising the question of whether a court can award visitation to a non-parent. Cases from this and other jurisdictions  generally under somewhat extraordinary circumstances  have done so. See, e.g., Wills v. Wills, 399 So.2d 1130 (Fla. 4th DCA 1981). We cannot review that question, however, because the trial court proceedings did not reach the stage where the asserted right of the great-grandparents to visitation was resolved on the merits. Once the order permitting intervention was entered, the appellant, the mother, immediately appealed and the trial court had no opportunity to consider that question.[*]
Our review of the statutory framework under which grandparental visitation can be ordered convinces us, indeed, that permitting great-grandparental intervention in the dissolution action was erroneous. A significant factor, of course, is the relationship of the intervenors to the child  they are his great-grandparents. None of the pertinent statutes confers a visitation right by any blood relative in the lineage beyond the grandparents.
Under section 61.13, Florida Statutes (1987), grandparents can be awarded visitation rights if it is found to be in the child's best interest. Once the right is granted the grandparents have standing to seek its enforcement. Grandparents are not required to be parties, however, "nor shall grandparents have legal standing as `contestants' [in the dissolution proceeding] as *1080 defined in section 61.1306." § 61.13(2)(b)2 C, Fla. Stat. See Shuler v. Shuler, 371 So.2d 588 (Fla. 1st DCA 1979). Thus the manifest legislative intent is to keep nonparents, claiming the status of litigants, out of any dissolution struggle involving visitation rights.
Further evidence of the legislative purpose to prohibit grandparents from becoming parties in the original dissolution action, as the great-grandparents have here sought to do, is apparent from section 752.01, Florida Statutes (1987). That statute permits the filing of an independent action only by a grandparent in pursuit of reasonable visitation, and the legislature alone has the authority to enlarge the statutory class. Moreover, there are sound policy concerns for not expanding that limitation. To allow persons who are outside the statutory range of those eligible for judicially decreed visitation to intervene in the dissolution action would add "a new dimension of consternation and agony to a type of litigation that is" often "over-burdened with almost insoluble problems." Shuler at p. 590.
We reverse and vacate the trial court's order granting intervention.
RYDER, A.C.J., and PARKER, J., concur.
NOTES
[*] The motion to intervene was filed and granted following the entry of the final judgment and is, therefore, reviewable in accordance with Rule 9.130(a)(4) of the Florida Rules of Appellate Procedure. See Pacha v. Salfi, 381 So.2d 373 (Fla. 5th DCA 1980).