HARRIS, Judge.
Petitioner, Donald M. Woods, Jr., seeks a writ of prohibition to prevent the Circuit Court from modifying and increasing the restitution required by a previously entered probation order. We deny the writ.
On September 1,1987, pursuant to a plea agreement with the State, Woods was placed on 3 years probation and ordered to pay restitution in the stipulated amount of $3,000. It was recognized at that time that the recommended restitution would not cover all the victims’ damages: if the victims wished compensation in excess of that agreed to and recommended by the State, they would have to seek it in a civil action. It is undisputed that Woods has not violated the terms of his probation.
The question is not whether the trial court would err by increasing the amount of restitution [1], but whether it has jurisdiction to hear the state’s motion. Clearly, Section 948.03(7) Fla.Stat. (1987) grants the court the authority to modify during the term of probation any condition “theretofore imposed”. Since the court has jurisdiction and any erroneous ruling would be subject to appeal, prohibition is not appropriate. See Pacha v. Salfi, 381 So.2d 373 (Fla. 5th DCA 1980).
WRIT DENIED.
W. SHARP, J., concurs.
GOSHORN, J., dissents without opinion.

. The court may be estopped to modify the terms of an executed contract. The defendant seems to have changed his position in reliance on the contract by entering his plea and making partial payment. To say he can now withdraw from his agreement after serving several months on probation does not appear to be a proper solution to a "bad deal” agreed to by the State and accepted by the court.