## STATE OF FLORIDA v HODGE

### Case No. 90-1277-AP (Lower Court Case No. 90-4451-MM)

Fifth Judicial Circuit, Citrus County

October 16, 1990

### APPEARANCES OF COUNSEL

**Marjorie Fallon Smith,** Assistant State Attorney, for appellant.

**Johnnye L. Friedrich,** Assistant Public Defender, for appellee.

Before McNEAL, HILL, SPRINGSTEAD, JJ.

### OPINION OF THE COURT

McNEAL, R., Circuit Judge.

Seven days after appellee, William Kevin Hodge, pled nolo contendere to the charge of Disorderly Conduct and was sentenced by the trial court, the state moved to modify the sentence to include restitution, pursuant to Fla.R.Crim.P. 3.800, citing § 775.089 and § 948.03, Fla. Stat. The trial court denied the state's motion because the state failed to request restitution at the time of sentencing and because the

state failed to request restitution in a professional manner. The state appealed from this order.

The state contends that section 775.089(1)(a) requires the court to address the issue of restitution at the time of sentencing and requires the court to make restitution a condition of probation unless the court finds clear and compelling reasons not to order restitution. Appellee argues that allowing the state to renege on a negotiated plea violates rules against fundamental fairness, that the court's reasons for not ordering restitution were sufficient, and that restitution is not appropriate where the crime does not anticipate a specific victim. We find that the reasons given by the trial court are not clear and compelling reasons for denying restitution. The case is reversed for reconsideration.

The Victim's Rights Act of 1988, Ch. 88-96, Laws of Florida, amended § 775.089(1)(a) to restrict the court's discretion to order restitution. Before the change the court was required to order restitution unless "it finds reasons" not to order restitution. After the change, the court is required to order restitution "unless it finds clear and compelling reasons" not to order restitution. Additionally, Section 948.03(1)(e) requires the sentencing court to make restitution a condition of probation, unless the court finds that clear and compelling reasons exist to the contrary.

Changes in other parts of § 775.089 enhanced the rights of victims. The intention of the legislature, expressed in the act was "to ensure that victims of crimes are treated with dignity, respect, and sensitivity and that the rights of victims of crime are honored and protected by law enforcement agencies, prosecutors, and judges in a vigorous manner." The voters of Florida followed this enactment by adopting Art. I, § 16(b), Fla. Const. in 1988 to provide victims with the right to be informed, to be present and to be heard at all crucial stages of criminal proceedings. These actions clearly expressed the intention of Florida citizens to protect the rights of victims in the criminal justice process.

The burden of insuring that these rights are protected rests with each segment of the criminal justice system, but the ultimate responsibility of protecting the rights of victims in the disposition of criminal cases lies with the trial judge. The court's discretion to accept pleas set forth in Fla.R.Crim.P. 3.170, 3.171, and 3.172 makes this especially true. Although the court must be assisted in this process by the attorneys, it is the court's ultimate responsibility to impose sentence. It is at sentencing where the question of restitution must be resolved. The court has some discretion in whether or not to order restitution, but it

is mandatory that the court consider restitution in every criminal case before imposing sentence. If that issue is not addressed, the sentence does not comply with § 775.089(1)(a).

We do not overlook the pressures of the high-volume dockets encountered by judges, prosecutors and public defenders. It is inevitable that restitution may be overlooked on occasion, as it was in this case.

Rule 3.800(a) allows a court to correct an illegal sentence at any time. Rule 3.800(b) specifically grants a court jurisdiction to reduce or modify a sentence to include any provision of ch. 948, Fla. Stat. within 60 days after sentence is imposed. When measured against these requirements, it is clear that the state's motion was the timely and proper method to raise the issue of restitution that had been overlooked at sentencing. *Cf. Woods v Angel,* 556 So.2d 820 (Fla. 5th DCA 1990). Therefore, the court's finding that restitution was barred because it was not requested at sentencing is legally incorrect. The court's finding that the request was not presented in a professional manner is without basis.

Whether restitution may be ordered for the crime of Disorderly Conduct is a factual question that must be resolved by the trial court. The initial determination for the court is a question of causation. *State v Williams,* 520 So.2d 276 (Fla. 1988), § 775.089(1)(a), Fla. Stat. (1987). Defendant's criminal act must have been the proximate cause of the damages or loss. *Ahnen v State,* 15 F.L.W. D2060 (2d DCA Aug. 10, 1990), *Arling v State,* 559 So.2d 1274 (Fla. 2d DCA 1990). The damages or loss need not be directly encompassed within the legal elements of the offense charged, but they must bear a significant relationship to the offense. *J.S.H. v State,* 472 So.2d 737 (Fla. 1985), *Reeves v State,* 560 So.2d 1368 (Fla. 5th DCA 1990), *Denson v State,* 556 So.2d 823 (Fla. 1st DCA 1990).

Applying these rules, in *Arling,* the court approved restitution for attorneys fees incurred by a theft victim, finding it reasonably foreseeable to a person dealing in stolen goods that legal action may be necessary to establish ownership of the stolen goods. On the other hand, in *Ahnen,* the same court denied the cost of a private investigator hired to locate stolen goods. The investigator was not hired because of defendant's illegal activity, but because the victim suspected the sheriff's department of "suppressing evidence and concealing information." *See also, O'Steen v State,* 547 So.2d 235 (Fla. 1st DCA 1989) (victim's loss of right eye was not caused by a batter on another victim); *Cliburn v State,* 510 So.2d 1155 (Fla. 3d DCA 1987) (burglary

victim's travel expenses, incurred to return home to attend to her damaged property, were not reasonably foreseeable to the defendant).

If the trial court determines that the restitution claimed by the victim was caused directly or indirectly by defendant's disorderly conduct, restitution may be ordered.

The sentence imposed by the trial court and the order denying restitution are REVERSED and REMANDED for further proceedings.

HILL, M. and SPRINGSTEAD, J., concur.