598 So.2d 261 (1992)
Timmy MEEKS, Appellant,
v.
Jimmy GARNER, Appellee.
No. 91-3696.
District Court of Appeal of Florida, First District.
May 11, 1992.
Linda A. Bailey, Law Offices of Lynn Alan Thompson, Tallahassee, for appellant.
Carroll L. McCauley, Panama City, for appellee.
KAHN, Judge.
Appellant, Timmy Meeks, the sole surviving parent of nine-year-old Jessica Nicole Meeks, appeals an order requiring him to provide appellee Jimmy Garner visitation with Jessica every other weekend, for one week during Christmas vacation, and six weeks during each summer. We reverse, finding that Mr. Garner, Jessica's stepfather, has no legal entitlement to seek court-ordered visitation with Jessica.
Jessica's parents, Timmy and Stacy Meeks, obtained a dissolution of their marriage in 1984. Stacy was awarded primary residential custody of Jessica, with reasonable visitation being granted to Timmy. Stacy married Jimmy Garner on November 24, 1985. Jessica then lived with her mother and stepfather. On January 13, 1991, Stacy died.
*262 Not unexpectedly, an apparently irreconcilable dispute immediately arose between Timmy, the father, and Jimmy, the stepfather. Within two days legal proceedings were initiated in the Fourteenth Judicial Circuit by Timmy Meeks, seeking a determination that he would have sole parental responsibility for Jessica, and further requesting the Holmes County Sheriff's Department to aid him in gaining access to his daughter. Garner then moved to intervene, seeking a judicial determination that he should be designated as Jessica's residential parent. The circuit court granted Garner's motion to intervene, and ultimately awarded him visitation with Jessica, as described above.
The government of this state, exerting its will through the court system, has no authority to compel visitation between a child and one who is neither a parent, grandparent, nor great-grandparent. See § 752.01, Fla. Stat. (1991). Visitation rights are, with regard to a non-parent, statutory, and the court has no inherent authority to award visitation. Mauldin v. Richter, 515 So.2d 1030 (Fla. 1st DCA 1987); Fischer v. Fischer, 544 So.2d 1079 (Fla. 2d DCA 1989). Since Jimmy Garner has no legal right to seek visitation or custody, he could not properly claim an interest which would be directly affected by the legal operation of a court order awarding custody solely to the father. See Grimes v. Walton County, 591 So.2d 1091 (Fla. 1st DCA 1992). Fischer v. Fischer, supra, at 1080 ("the legislature alone has the authority to enlarge the statutory class" of those who may pursue court-ordered visitation.) It clearly follows that the order granting intervention, and the subsequent order mandating visitation, were erroneous and must be vacated.
This opinion is founded in no way upon any absence of love between Jimmy Garner and his stepdaughter. Rather, we simply recognize the limits of governmental intrusion into the most private matters of family relationships. It would be our hope, as it was obviously the hope of the trial court, that Jimmy would have a relationship with Jessica. Such a hope may not, however, serve to thrust the government into the position of compelling such a relationship.
REVERSED.
BARFIELD and ALLEN, JJ., concur.