654 So.2d 1234 (1995)
Brenda Louise MUSIC, Appellant,
v.
Tara Sue RACHFORD, Appellee.
No. 94-977.
District Court of Appeal of Florida, First District.
May 9, 1995.
Rehearing Denied June 16, 1995.
David A. Garfinkel of Datz, Jacobson, Lembcke & Garfinkel, Jacksonville, for appellant.
Jeffrey C. Peterson, Jacksonville, for appellee.
PER CURIAM.
This is an appeal from a final order dismissing appellant's complaint with prejudice for failure to state a cause of action upon which relief can be granted. We affirm.
In her complaint appellant alleged that the parties were involved in a lesbian relationship, forming a domestic partnership, which lasted from February 1989 until September 1993. She further alleged the parties decided to raise a child together, and as she was unable to have a child, appellee was artificially inseminated. Appellant accompanied appellee to prenatal classes, was present during the birth of the child, and cohabited with appellee and the child, who was given appellant's surname, until September 1993 when the child was three years old. Appellant alleged that in 1993 when the relationship ended, appellee terminated all access to the *1235 child. The primary issues on appeal pertain to her complaint for shared parental responsibility and visitation.
We reject appellant's argument that she is a de facto parent and as such, entitled to the rights of a parent under chapter 61, Florida Statutes, and AFFIRM on the controlling authority of Meeks v. Garner, 598 So.2d 261 (Fla. 1st DCA 1992) ("[v]isitation rights are, with regard to a non-parent, statutory, and the court has no inherent authority to award visitation"; the courts have "no authority to compel visitation between a child and one who is neither a parent, grandparent, nor great-grandparent").
JOANOS, MICKLE and LAWRENCE, JJ., concur.