THOMPSON, Judge.
Rafael J. Zepeda appeals the modification of the terms and conditions of his probationary sentence without a judicial finding that he had violated his probation. We affirm his sentence, but strike one of the added conditions.
Zepeda was placed on probation with the special condition that he seek family counseling. Although there was no violation of probation filed, the state moved to have this condition changed to individual anger management. The state also moved to add the condition that Zepeda have no contact with the victim. The trial court granted both requests...
The modification of an existing condition is valid. Section 948.03(5), Florida Statutes (1993), allows the trial court, during the term of probation, to modify any condition previously imposed by the court. See Woods v. Angel, 556 So.2d 820, 821 (Fla. 5th DCA 1990) (during term of probation, trial court may subsequently modify those conditions of probation “theretofore imposed”). The trial court, therefore, did not err in changing the counseling condition from family counseling to individual anger management.
The trial court, however, could not impose additional conditions of probation. In this regard, the state properly concedes that the trial court erred when it required Zepeda to stay away from the victim. This enhancement of Zepeda’s probationary sentence was improper absent a finding of violation of probation. See Lippman v. State, 633 So.2d 1061 (Fla.1994); Brenatelli v. State, 555 So.2d 1315 (Fla. 5th DCA 1990). Accordingly, we strike this additional condition of probation.
AFFIRMED as modified.
DAUKSCH and GOSHORN, JJ., concur.