CASANUEVA, Judge.
Alice Wanner appeals an order granting a motion to intervene filed by SouthTrust Bank of Florida, N.A. (South-Trust) in this criminal case. We hold that the order is a non-appealable nonfinal order that requires us to dismiss for lack of jurisdiction. We write briefly to explain the unusual circumstances presented in this case.
The State prosecuted Ms. Wanner in 1993 for one count of scheming to defraud various condominium associations and twenty-eight counts of grand theft based on her unauthorized telephonic transfer of monies from the condominium associations’ bank accounts, held by SouthTrust’s predecessor in interest, to her own. She entered into a plea agreement and was sentenced accordingly. As part of the plea, she stipulated to $511,000 as minimum losses payable to the victims whose names and minimum restitution amounts were listed in the restitution order, filed October 4, 1993. The trial court reserved jurisdiction during the period of Ms. Wanner’s sentence to address the matters contained in the restitution order. No appeal from the sentencing was taken although she did appeal from a subsequent denial of a motion for post-conviction relief based on violations of double jeopardy. We reversed and remanded for resentencing, Wanner v. State, 667 So.2d 427 (Fla. 2d DCA 1996). The order of restitution was never an issue in these prior proceedings.
In civil litigation initiated by several of the victimized condominium associations against SouthTrust and Wanner, a summary final judgment was entered that determined that SouthTrust had breached its deposit agreements with the various condominium associations by allowing Ms. Wanner’s unauthorized telephonic transfers of funds. Following this adverse judgment, SouthTrust settled with those condominium associations and, almost two years after Ms. Wanner’s resentencing and more than four years after the trial court entered the restitution order, SouthTrust moved to intervene in the criminal case as a victim for purposes of restitution, seeking reimbursement for the money it had paid to the condominium associations due to Ms. Wanner’s criminal conduct. The trial court granted SouthTrust’s motion and ordered:
that SOUTHTRUST’S Motion to Intervene is hereby GRANTED and SOUTH-TRUST is granted standing as a victim for restitution purposes as defined in Florida Statutes § 775.089. As such, SOUTHTRUST is entitled to proportional reimbursement from the Defendant pursuant to its subrogation rights for the compensation which it has paid to the other victims in this cause.
The Court shall reserve jurisdiction as to the proportionality of the restitution payments between the victims.
It is this order from which Ms. Wanner appeals.
Section 775.089(1)(a), Florida Statutes (1993), authorizes the trial court to order restitution to a victim for damages caused “directly or indirectly by the defendant’s offense.” The trial court properly determined SouthTrust to be a victim as defined by this statute. Further, section 948.03(6) allows the trial court to modify probation conditions it has previously imposed at any time, as long it does not enhance the penalty or add new conditions. See Clark v. State, 579 So.2d 109, 110, n. 3 *480 (Fla.1991) (trial court may rescind or modify at any time terms and conditions previously imposed but statute inapplicable in case on review because trial court did not modify but added entirely new condition); Woods v. Angel, 556 So.2d 820 (Fla. 5th DCA 1990) (trial court has statutory authority to modify during term of probation any condition “theretofore imposed”); see also Zepeda v. State, 658 So.2d 1201 (Fla. 5th DCA 1995) (trial court did not err in changing counseling condition from family counseling to individual anger management but did err in adding condition of no contact with victim in absence of violation of probation); Russo v. State, 603 So.2d 1353 (Fla. 1st DCA 1992) (new condition of community control cannot be added absent violation of community control). The mere modification of the restitution payees does not impose any new obligation upon Ms. Wanner. The trial court properly exercised its authority under section 948.03(6).
However, our jurisdiction to review orders is not unlimited. This order does not fit within any of the enumerated categories of appealable nonfinal orders in the Florida Rules of Appellate Procedure, nor does it fall within the parameters of rule 9.140(b)(1)(c) which permits an appeal from an order modifying probation. This order is but a brief stop on the road to that destination. Finally, we decline to treat the appeal as a petition for writ of certiorari. Should the trial court overstep its authority and enhance any condition of probation or add a new one, such order is subject to appeal. See Woods v. Angel, 556 So.2d at 821 (because trial court has jurisdiction to modify any probation condition previously imposed, erroneous ruling on matter is subject to appeal).
Accordingly, this appeal is dismissed.
THREADGILL, A.C.J., and YOUNG, ROBERT A., Associate Judge, Concur.