994 So.2d 390 (2008)
BAPTIST HOSPITAL OF MIAMI, INC.; Joseph Lamelas, M.D.; Joseph Lamelas, M.D., P.A.; Juan L. Barrio, M.D.; Juan L. Barrio, M.D., P.A.; Rene J. Gomez, M.D.; and Rene J. Gomez, M.D., P.A., Petitioners,
v.
Yolanda GARCIA, as Personal Representative of the Estate of Daniel LeMaitre, deceased, Respondent.
No. 3D07-3261.
District Court of Appeal of Florida, Third District.
October 22, 2008.
*391 Wicker, Smith, O'Hara, McCoy & Ford and Michael R. D'Lugo, Orlando, and Leslie A. McCormick, Miami, for petitioner Baptist Hospital of Miami, Inc.; Kubicki Draper and Rolando Diaz, Miami, for petitioners Joseph Lamelas, M.D., and Joseph Lamelas, M.D., P.A.; George, Hartz, Lundeen and A. Scott Lundeen, Coral Gables, for petitioners Juan L. Barrio, M.D., and Juan L. Barrio, M.D., P.A.
Gamba & Lombana and Hector J. Lombana; Billbrough & Marks and G. Bart Billbrough, Coral Gables, for respondent.
Before COPE, WELLS, and SUAREZ, JJ.
SUAREZ, J.
Baptist Hospital of Miami, Inc., Joseph Lamelas, M.D., Juan L. Barrio, M.D., Rene J. Gomez, M.D., and their professional associations ("Baptist") petition for a writ of certiorari to quash the trial court's order overruling objections to interrogatories. We have certiorari jurisdiction to review the order pursuant to Mount Sinai Medical Center v. Bernstein, 645 So.2d 530 (Fla. 3d DCA 1994). We grant the Petition for Writ of Certiorari and issue the writ on grounds that the order below overruling the objections to interrogatories was a departure from the essential requirements of law.
The underlying lawsuit, brought by Yolanda Garcia, as Personal Representative of the Estate of Daniel LeMaitre, is an action for wrongful death arising out of alleged malpractice. The action named as defendants Baptist Hospital and three physicians and their professional associations. The complaint alleged vicarious liability on the part of the hospital and three staff-privileged doctors and their professional associations for malpractice stemming from alleged deviations from the accepted standard of care in the community for post-operative cardiac care.
Ms. Garcia propounded a set of interrogatories to Baptist. She requested the production of a list of all documents in the doctors' credentialing files at Baptist as *392 well as a privilege log detailing the dates of the documents, the nature of the documents, the identity of the person who sent or received the documents and anyone copied with the documents. The interrogatories, in particular paragraphs 6 and 7, requested as follows:
6. Please provide a complete list of each and every document contained in Dr. Joseph Lamelas' credentialing file and a general description of said document and any claim of privilege if any.
7. Please provide a complete list of each and every document contained in Dr. Juan Barrios' credentialing file and a general description of said document and any claim of privilege if any.
Baptist objected to interrogatories 6 and 7 on grounds that Ms. Garcia was seeking descriptions of the contents of the credentialing files which Baptist claims are not discoverable pursuant to sections 395.0191(8)[1] and 766.101(5),[2] Florida Statutes (2007).
The trial judge overruled Baptist's objections to the interrogatories and ordered Baptist to produce the information requested as well as a privilege log for all documents contained within the credentialing files of all the doctors, including the date of the documents, the nature of the documents, the identity of the person who *393 sent or received the documents and anyone copied with the documents. Baptist now petitions this Court for a writ of certiorari quashing the trial court's order which overruled objections to interrogatories 6 and 7. Baptist argues on certiorari that the contents of the credentialing files are not discoverable and that Baptist is statutorily exempt from supplying the information required to produce a privilege log.
The standard of review on a petition for writ of certiorari is whether the trial court departed from the essential requirements of law. See Gov't Employees Ins. Co. v. Rodriguez, 960 So.2d 794 (Fla. 3d DCA 2007). Section 395.0191(8), Florida Statutes (2007), provides that the procedure for applying for staff membership or privileges at a hospital by a physician, including "investigations, proceedings and records of the board or agent ... with whom there is a specific written contract... shall not be subject to discovery...."[3] Likewise, under section 766.101(5), Florida Statutes (2007), investigations, procedures and records of a medical review committee of a hospital "shall not be subject to discovery...." The statutory exemptions from discovery of the contents of a hospital's credentialing files have been upheld recently in Morton Plant Hospital Ass'n v. Shahbas, 960 So.2d 820 (Fla. 2d DCA 2007). In Morton Plant, on certiorari review of the denial of objections to a request for production of credentialing files of a hospital, on facts very similar to those before us, the Second District quashed the lower court's order requiring a blanket disclosure of credentialing files. See Morton Plant, 960 So.2d at 827 (finding that credentialing files are documents beyond the scope of Amendment 7 and not subject to discovery; citing Article X, section 25 of the Florida Constitution).[4] To permit blanket disclosure of a list of all documents contained in doctors' credentialing files and the production of a privilege log necessarily would require Baptist to divulge names and confidential information, which not only have nothing to do with adverse medical incidents discoverable under Amendment 7, but which remain exempt from discovery under sections 395.0191(8) and 766.101(5). Such a result would violate sections 395.0191(8) and 766.101(5), the very purpose of the statutory exclusions from discovery enacted pursuant to Florida Statutes (2007).
Therefore, the trial court departed from the essential requirements of law by ordering the overly broad disclosure of a list of all of the documents contained in the physicians' credentialing files, which would necessarily include the disclosure of documents not discoverable pursuant to sections 395.0191(8) and 766.101(5), and by ordering the compilation and production of a privilege log detailing and disclosing confidential information that is a part of those files.
We therefore quash the trial court's order, but do so without prejudice for Ms. Garcia to file interrogatories which request documents pursuant to and in compliance with Amendment 7.
*394 Petition for Writ of Certiorari granted. Order quashed without prejudice.
NOTES
[1] 395.0191 Staff membership and clinical privileges.

. . . .
(8) The investigations, proceedings, and records of the board, or agent thereof with whom there is a specific written contract for the purposes of this section, as described in this section shall not be subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of matters which are the subject of evaluation and review by such board, and no person who was in attendance at a meeting of such board or its agent shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such board or its agent or as to any findings, recommendations, evaluations, opinions, or other actions of such board or its agent or any members thereof. However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such board; nor should any person who testifies before such board or who is a member of such board be prevented from testifying as to matters within his or her knowledge, but such witness cannot be asked about his or her testimony before such a board or opinions formed by him or her as a result of such board meetings.
[2] 766.101 Medical review committee, immunity from liability.

. . . .
(5) The investigations, proceedings, and records of a committee as described in the preceding subsections shall not be subject to discovery or introduction into evidence in any civil or administrative action against a provider of professional health services arising out of the matters which are the subject of evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions, or other actions of such committee or any members thereof. However, information, documents, or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his or her knowledge, but the said witness cannot be asked about his or her testimony before such a committee or opinions formed by him or her as a result of said committee hearings.
[3] It should be noted that "information, documents, or records otherwise available from original sources are not to be construed as immune from discovery...." §§ 395.0191(8), 766.101(5), Fla. Stat. (2007).
[4] Amendment 7 of the Florida Constitution, adopted in 2004, narrows the category of documents in credentialing files which are statutorily exempt from discovery by requiring disclosure of medical reports of adverse medical incidents even if contained in credentialing files. See generally Fla. Hosp. Waterman, Inc. v. Buster, 984 So.2d 478 (Fla.2008).