ROTHENBERG, J.
 

 D.G. (“the father”) seeks a writ of certio-rari, quashing the trial court’s non-final order granting the maternal grandparents unsupervised weekly and biweekly visitation rights with the father’s minor child, J.G. (“the child”). We grant the petition.
 

 A dependency proceeding was instituted against the father by the respondent, Department of Children and Families, in October 2008. In light of the mother being deceased and the father’s history of drug use, the trial court removed the child from the father’s custody and granted the maternal grandparents temporary custody. The father consented to the child’s dependency status the following month. In May 2009, the trial court granted the father’s motion for reunification, awarding him temporary custody of the child, but, in a separate visitation order, granted the maternal grandparents biweekly unsupervised visits. In June 2009, the father’s motion for suspension of visitation was denied and a second modified weekly and biweekly unsupervised visitation order was granted by the trial court. The father’s petition for writ of certiorari followed.
 

 “[0]rders entered in dependency proceedings after the entry of the order adjudicating dependency and before an order terminating supervision or jurisdiction are not appealable pursuant to [Florida Rule of Appellate Procedure] 9.130(a)(4). When appropriate, such orders may be challenged by common law certiorari.”
 
 C.V. v. Dep’t of Children & Family Servs.,
 
 — So.3d-, 2009 WL 1606545 (Fla. 2d DCA 2009) (footnote omitted). To grant a writ of certiorari, this Court must find that: (1) the trial court departed from the essential requirements of the law; (2) this departure will result in material injury for the remainder of the case; and (3) the departure cannot be corrected on post-judgment appeal.
 
 See Reeves v. Fleetwood Homes of Fla., Inc.,
 
 889 So.2d 812, 822 (Fla.2004) (citing
 
 Bd. of Regents v. Snyder,
 
 826 So.2d 382, 387 (Fla. 2d DCA 2002)). As we find that the non-final order granting the maternal grandparents unsupervised visitation satisfies this standard, we grant the father’s petition for writ of cer-tiorari and quash the order.
 

 Section 39.509, Florida Statutes (2008), entitles grandparents to reasonable visitation rights, subject to certain exceptions when the grandchild “has been adjudicated a dependent child and [has been] taken from the physical custody of the parent.” However, all such visitation rights terminate “when a child has been returned to the physical custody of his or her parent.” § 39.509(4);
 
 T.M. v. Dep’t of Children & Families,
 
 927 So.2d 1088, 1089 (Fla. 4th DCA 2006) (reversing visitation order in favor of maternal grandmother after the child was returned to the physical control of the mother);
 
 accord L.B. v. C.A.,
 
 738 So.2d 425, 427 (Fla. 4th DCA 1999);
 
 see also Von Eiff v. Azicri,
 
 720 So.2d 510, 514 (Fla.1998) (“Neither the legislature nor the courts may properly intervene in parental decisionmaking absent significant harm to the child threatened by or resulting from those decisions”).
 

 In the instant case, because the record unambiguously states that the father regained physical custody of the child pursuant to the reunification order of June 2009 and because the father was not found to be posing a threat of harm to the child at the time, we hold that the trial court departed
 
 *974
 
 from the essential requirements of the law in awarding the grandparents unsupervised weekly and bi-weekly visitation rights.
 

 Petition granted; order quashed.