RAMIREZ, C.J.
 

 This is a petition for writ of certiorari to review: (1) a non-final order denying L.D.’s motion to terminate visitation by a non-relative; and (2) a non-final order denying the Florida Department of Children and Families’ (“DCF”) Motion for Termination of Supervision. Because the trial court never entered a written order on DCF’s motion, we deny certiorari as to the department’s motion, but we quash the order denying L.D.’s motion.
 

 W.W. is the four-year old son of petitioner L.D. He was adjudicated dependent as to the mother on November 22, 2005. N.H., a non-relative who knew the family, agreed to take custody of the child. L.D. and N.H. entered into a guardianship agreement on August 22, 2007. N.H. was given legal custody of the minor child, but the agreement did not terminate L.D.’s parental rights. Over the next two years, L.D. maintained a relationship with the child, successfully passed the General Educational Development tests, rented her own apartment, and enrolled as a full-time student at Miami Dade College.
 

 On January 5, 2009, the mother filed a Motion for Reunification as Custodian/Guardian of Minor Child. N.H. signed a declaration in support of that motion. On April 29, 2009, the trial court granted the motion and awarded L.D. legal custody of the minor child. The court also entered a case plan that provided for six months of protective supervision. The April 29, 2009 Order awarded N.H. unlimited, unsupervised visitation rights with the child. A subsequent order on July 15, 2009, directed unsupervised weekend visits every other weekend, from Friday at 7:00 p.m. through Sunday at 7:00 p.m. The mother complied with this visitation order and the case plan. On October 28, 2009, expecting that DCF was ending protective supervision, she moved to end court-ordered visitation, specifying that visitation would be in her discretion after the case closed. The trial court denied the motion to terminate visitation, stating that N.H. was the child’s “psychological parent” and that it was in the child’s best interests to have continued visitation. The case was reset for November 18, 2009.
 

 DCF subsequently filed a Termination of Supervision Report stating that L.D. “has been in compliance with her case plan. [L.D.] completed her Evidence Based-Parenting Classes, Dyadic Therapy, Individual Therapy and Domestic Violence classes.” The Report also states that “the child’s home environment is positive” and requested that supervision be terminated and the child remain in the custody of the mother. DCF also recommended that visitation with N.H. be in the mother’s discretion. The Guardian ad Litem filed a report stating that “all of [the Child’s] needs are being met and he has adjusted well. He is completely comfortable in this home.” The Guardian ad Litem recommended that the case be closed with clarity as to visitation for N.H. Neither DCF nor the Guardian raised any concerns about the mother’s ability to care for the child or the child’s safety.
 

 The trial court orally denied DCF’s motion for termination of supervision because the parties could not agree on N.H.’s visi
 
 *756
 
 tation rights. The court further ordered that the case remain open until it could review a case plan at a hearing on April 7, 2010.
 

 The standard of review on a petition for a writ of certiorari is whether the circuit court departed from the essential requirements of law so as to materially injure the petitioner throughout the remainder of the proceedings.
 
 Baptist Hosp. of Miami, Inc. v. Garcia,
 
 994 So.2d 390, 398 (Fla. 3d DCA 2008). To merit certiorari review, we must find that (1) the trial court departed from the essential requirements of the law; (2) this departure will result in material injury for the remainder of the case; and (3) the departure cannot be corrected on post-judgment appeal.
 
 See D.G. v. Department of Children and Families,
 
 16 So.3d 972, 973 (Fla. 3d DCA 2009).
 

 Florida law makes no provision for visitation between unrelated parties. A court has “no authority to compel visitation between a child and one who is neither a parent, grandparent, or great-grandparent. Visitation rights are, with regard to a non-parent, statutory, and the court has no inherent authority to award visitation.”
 
 Meeks v. Garner,
 
 598 So.2d 261, 261 (Fla. 1st DCA 1992) (internal citations omitted). Chapter 39 does not provide for visitation by non-relatives. Furthermore, Florida courts have held that an order granting visitation rights to a non-parent of a child in the custody of a fit parent is unjustified and unenforceable.
 
 See Fischer v. Fischer,
 
 544 So.2d 1079 (Fla. 2d DCA 1989);
 
 see also Sandor v. Sandor,
 
 444 So.2d 1029 (Fla. 3d DCA 1984).
 

 We find the facts of this case indistinguishable from the facts in
 
 D.G. v. Department of Children and Families,
 
 16 So.3d 972 (Fla. 3d DCA 2009), where we granted certiorari review and quashed an order granting the maternal grandparents unsupervised visitation rights. We explained:
 

 Section 39.509, Florida Statutes (2008), entitles grandparents to reasonable visitation rights, subject to certain exceptions when the grandchild “has been adjudicated a dependent child and [has been] taken from the physical custody of the parent.” However, all such visitation rights terminate “when a child has been returned to the physical custody of his or her parent.” § 39.509(4);
 
 T.M. v. Dep’t of Children & Families,
 
 927 So.2d 1088, 1089 (Fla. 4th DCA 2006) (reversing visitation order in favor of maternal grandmother after the child was returned to the physical control of the mother);
 
 accord L.B. v. C.A.,
 
 738 So.2d 425, 427 (Fla. 4th DCA 1999);
 
 see also Von Eiff v. Azicri,
 
 720 So.2d 510, 514 (Fla.1998) (“Neither the legislature nor the courts may properly intervene in parental decisionmaking absent significant harm to the child threatened by or resulting from those decisions”).
 

 We cannot give greater rights to N.H. in our case, an individual who is not related to the child, than we did to the grandparents in
 
 D.G.
 

 Petition granted, order quashed.