PER CURIAM.
R.N., the mother of A.N., a dependent child, attempts to appeal an order, entered after an evidentiary hearing, that amended her case plan to include the single goal of adoption and directed the Department of Children and Families to file a petition for termination of parental rights. She argues the trial court erred when it denied her request to close the dependency case with a permanent guardianship to the child’s custodian, the grandmother. Although this proceeding was filed as a direct appeal, the challenged order is neither a final order nor an appealable, non-final order pursuant to Florida Rule of Appellate Procedure 9.110. See In re M.V.-B., 19 So.3d 381, 385 (Fla. 2d DCA 2009) (holding that “orders entered in dependency proceedings after the entry of the order adjudicating dependency and before an order terminating supervision or jurisdiction are not appealable” non-final orders); D.G. v. Dep’t of Children & Families, 16 So.3d 972, 973 (Fla. 3d DCA 2009) (same). Accordingly, we will treat the appeal as a timely filed petition for writ of certiorari. See Fla. R.App. P. 9.040(c); S.H. v. Dep’t of Children & Families, 950 So.2d 1267, 1268 (Fla. 5th DCA 2007) (treating mother’s appeal from a non-final dependency order that was not appealable as petition for writ of certiorari). Finding no departure from the essential requirements of the law, we deny the Petition.
PETITION DENIED.
GRIFFIN, COHEN and BERGER, J.J., concur.