# Third District Court of Appeal

## State of Florida

Opinion filed August 1, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-614
Lower Tribunal No. 16-15137

_____

**A.M., the Mother,**
Petitioner,

vs.

**Department of Children and Families and Guardian ad Litem Program,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Rosa C. Figarola, Judge.

Thomas Butler, P.A., and Thomas Butler, for petitioner.

Karla Perkins, for respondent Department of Children & Families; Laura J. Lee (Tallahassee), for respondent Guardian ad Litem Program.


Before ROTHENBERG, C.J., and SUAREZ and LINDSEY, JJ.

SUAREZ, J.

The Mother, A.M., petitions for certiorari review of the trial court's February 27, 2018 order changing her case plan goal from reunification to

adoption. The Mother claims she was denied due process as she was not noticed that the change in her case plan was to be addressed at the hearing and, also, that the trial court's decision changing her case plan from reunification to adoption is not supported by the required finding of a preponderance of the evidence. Based on our review of the record presented, we agree with the mother on both points and grant the writ requested.

The standard of review on a petition for a writ of certiorari is whether the circuit court departed from the essential requirements of law so as to materially injure the petitioner throughout the remainder of the proceedings. Baptist Hosp. of Miami, Inc. v. Garcia, 994 So. 2d 390, 393 (Fla. 3d DCA 2008). To merit certiorari review, we must find that (1) the trial court departed from the essential requirements of the law; (2) this departure will result in material injury for the remainder of the case; and (3) the departure cannot be corrected on post-judgment appeal. See D.G. v. Dept. of Children and Families, 16 So. 3d 972, 973 (Fla. 3d DCA 2009).

The Department of Children and Families ("DCF") properly concedes that the order at issue constitutes a departure from the essential requirements of law as there was no evidentiary basis to support the change of case plan goal from reunification to adoption. The sole testimony presented at the February 27, 2018 hearing was that of the children's guardian ad litem ("GAL"), who did not

2

recommend a change of goal; the GAL's report recommended that the Mother be reunified with the children. Further, the DCF's Judicial Review Social Study Report presented at the hearing recommended reunification, and the Mother's most recent case plan was structured toward reunification. Additionally, the Mother was not put on notice that a change of case plan goal would be considered at the hearing, thereby denying her due process. The DCF additionally concedes that the goal change relieves the DCF from providing further referrals for services, constituting material injury that cannot be remedied on post-judgment appeal. We agree and grant the petition for certiorari, quash the order below and remand for further proceedings.

The Mother has also filed a petition for writ of prohibition, which we deny. The Mother's motion to disqualify the trial judge is based solely on the judge's change of case plan goal. We find such grounds to be legally insufficient to establish a well-grounded fear on the movant's part that she will not receive a fair hearing. See Arbelaez v. State, 898 So. 2d 25, 41 (Fla. 2005). Further, "[a] mere 'subjective fear [ ]' of bias will not be legally sufficient; rather, the fear must be objectively reasonable." Id. (citing Fischer v. Knuck, 497 So. 2d 240, 242 (Fla. 1986)).

Certiorari granted, order quashed; Prohibition denied.