# Third District Court of Appeal

## State of Florida

Opinion filed August 1, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D18-615 & 3D18-1171
Lower Tribunal No. 16-15137

_____

## A.G., the Father,
Petitioner,

vs.

## Department of Children and Families and Guardian ad Litem Program,
Respondents.


Writs of Certiorari to the Circuit Court for Miami-Dade County, Rosa C. Figarola, Judge.

Amber B. Glasper; Law Office of Richard F. Joyce, P.A., and Richard F. Joyce, for petitioner.

Karla Perkins, for respondent Department of Children & Families; Laura J. Lee (Tallahassee), for respondent Guardian ad Litem Program.


Before ROTHENBERG, C.J., and SUAREZ and LINDSEY, JJ.

SUAREZ, J.

The Father, A.G., petitions for certiorari review of the trial court's February 27, 2018 non-final order that 1) denied the approval of a two-month reunification

goal submitted by the Department of Children and Families ("DCF"), and 2) that changed the case plan goal from reunification to adoption.[1]  The Father claims he was denied due process as he was not noticed that a change in the case plan was to be addressed at the hearing and, also, that the trial court's decision changing the case plan from reunification to adoption is not supported by the required finding of a preponderance of the evidence.

The standard of review for a petition for a writ of certiorari is whether the circuit court departed from the essential requirements of law so as to materially injure the petitioner throughout the remainder of the proceedings.  Baptist Hosp. of Miami, Inc. v. Garcia, 994 So. 2d 390, 393 (Fla. 3d DCA 2008).  To merit certiorari review, we must find that (1) the trial court departed from the essential requirements of the law; (2) this departure will result in material injury for the remainder of the case; and (3) the departure cannot be corrected on post-judgment appeal.  See D.G. v. Dept. of Children and Families, 16 So. 3d 972, 973 (Fla. 3d DCA 2009).

The order in question arises out of a February 27, 2018 hearing in which the trial court ordered the case plan to be changed from one of unification to one of

---

[1] The two petitions filed by the Father, case numbers 18-615 and 18-1171, have been consolidated for purposes of this review under case number 18-615.  The Father in case number 18-615 also seeks certiorari review of the trial court's order finding the Father in non-compliance with his case plan.  We do not have jurisdiction to address this aspect of the order by petition for certiorari as that order does not cause irreparable harm and can be addressed on direct appeal.

adoption. DCF properly concedes that the order at issue constitutes a departure from the essential requirements of law for two reasons. First, there was no evidentiary basis to support the change of case plan goal from reunification to adoption. In order to change a case plan, the trial court is required to find by a preponderance of the evidence that a change in the case plan is required. See Fla. R. Juv. P. 8.260(a). The only evidence presented at the hearing was from the Guardian ad Litem, who did not recommend a change in the plan from reunification to adoption, and the Department's Judicial Review Study Report that recommended the Mother be reunited with the children. Therefore, the trial court's order is not based on the required preponderance of the evidence.

DCF also concedes that the Father was denied his due process rights as he was not put on notice that a change of case plan goal would be considered at the hearing. DCF additionally concedes that the goal change relieves DCF from providing further referrals for services, constituting material injury that cannot be remedied on post-judgment appeal.

We therefore grant the petition for certiorari, quash the order below, and remand for proceedings consistent herewith.