■ CLOSE-IT ENTERPRISES, INC., Respondent, v MAYER WEINBERGER, Appellant.—In an action, *inter alia*, to recover amounts advanced as commissions for sales, but not yet earned, defendant appeals from a judgment of the Supreme Court, Westchester County, dated June 3, 1977, which is in favor of plaintiff, upon a jury verdict. Judgment reversed, on the law, with costs, and new trial granted. Defendant was sued by his former employer to recover $1,550 allegedly due on commission overdrafts which had been written up as promissory notes. Defendant's sole defense was embodied in his counterclaim, wherein he claimed $8,750 due as sales commissions. After the jury was impaneled, the Trial Judge ordered that defendant, a devout adherent of the Jewish faith, remove his skullcap before the jury entered the courtroom (this direction was given despite the fact that no objection was made during the process of jury selection, when the defendant had been seated before the potential jurors, wearing his skullcap). The defendant, obviously sincere in his belief that wearing the skullcap was a mandatory part of his religion, and faced with an unenviable choice, chose to be excluded from the courtroom. The trial (really an inquest) took place and, within minutes of its conclusion, the jury returned a verdict for plaintiff. We believe it was error to exclude the defendant from the courtroom. The defendant should not have been placed in the situation of having to choose between protecting his legal interests or violating an essential element of his faith. The situation here is very different from that presented in *La Rocca v Lane* (47 AD2d 243, affd 37 NY2d 575), which involved an attorney

who was also a priest and who desired to represent a defendant in a criminal case while attired in his clerical garb. We believe that the defendant's right to the free exercise of religion, under the circumstances presented, was not outweighed by the right of all parties to a fair trial. There was no reason to believe that a fair trial could not have been achieved if the defendant, a party to the litigation, wore a skullcap. In fact, there was no objection by the plaintiff or his attorney. In any event, any potential prejudice could have been taken care of through the *voir dire* and the court's instructions to the jury. Martuscello, J. P., Suozzi, Rabin and Hawkins, JJ., concur.