528 So.2d 520 (1988)
Anthony SARACUSA, Petitioner,
v.
STATE of Florida, Respondent.
No. 88-1073.
District Court of Appeal of Florida, Fourth District.
July 20, 1988.
*521 Richard L. Jorandby, Public Defender, and Ian Seldin, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Eddie J. Bell, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
The petitioner is in custody awaiting trial on charges of possession of burglary tools, loitering and prowling, and possession of drug paraphernalia. He seeks certiorari relief from an order which compels him to appear in a lineup and to submit to the taking of a blood sample in connection with the state's investigation of several crimes which are unrelated to the charges for which he is being held.
Upon petitioner's application, this court stayed execution of the order compelling the lineup and blood test procedures, pending resolution of the petition.
We disagree with the state's argument that if error exists, it can be remedied on plenary appeal. The violation of the petitioner's rights under the fourth and fifth amendments of the United States Constitution are per se sufficient irreparable harm to invoke this court's certiorari jurisdiction.
The state filed motions to compel the petitioner's compliance to appear in a lineup and to compel the taking of his blood for testing pursuant to Florida Rule of Criminal Procedure 3.220(b)(1)(i) and (vii), and citing in addition to Gilbert v. California, 388 U.S. 263, 266, 87 S.Ct. 1951, 1953, 18 L.Ed.2d 1178 (1967), United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), and Jones v. State, 343 So.2d 921 (Fla. 3d DCA 1977).
The criminal rule relied upon by the state, however, is properly invoked only after an information or indictment has been filed against a defendant, and then it is still subject to constitutional limitations. Fla.R.Crim.P. 3.220(b)(1).
Although the order compelling the compliance of petitioner states that probable cause was found, a reading of the transcript of the hearing held April 18, 1988 by the trial court to resolve these motions demonstrates that the trial judge specifically stated: "I am not in a position to make a finding of probable cause."
This court, after reading the arguments of counsel, and reviewing the record, finds that it was error for the trial court to compel the petitioner to appear in a live lineup and to submit to a blood test without specifically requiring a finding of probable cause under the rationales of the above cited cases. The defendant's constitutional rights have been violated by said order. Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); Hayes v. Florida, 470 U.S. 811, 105 S.Ct. 1643, 84 L.Ed.2d 705 (1985).
We note the merit in the petitioner's argument that the motions submitted by the state to compel these intrusions is woefully lacking.
We therefore grant the petition for writ of certiorari, quash the order of April 18, 1988, and remand this case for compliance with the directions herein.
ANSTEAD, WALDEN and GUNTHER, JJ., concur.