592 So.2d 1121 (1991)
STATE of Florida, Petitioner,
v.
John DOE, Respondent.
No. 91-02739.
District Court of Appeal of Florida, Second District.
December 11, 1991.
Rehearing Denied February 10, 1992.
*1122 Jerry Hill, State Atty., and Michael P. Cusick, Asst. State Atty., Lakeland, for petitioner.
Tony C. Dodds of the Law Office of T.W. Weeks, III, Lakeland, for respondent.
PARKER, Judge.
The State Attorney for the Tenth Judicial Circuit seeks a writ of certiorari to review a trial court's order granting a motion to quash a state attorney's investigative witness subpoena. We grant the petition, concluding that the trial court departed from the essential requirements of the law.
Although the record is very limited, it appears that during an ongoing embezzlement investigation, the state attorney sought to subpoena Shernequa Pace to obtain from her fingerprints and handwriting exemplars. The trial court's order granting Pace's motion to quash the state attorney's subpoena stated:
ORDERED AND ADJUDGED that:
1. The Motion to Quash the State Attorney's Investigative Witness Subpoena requesting fingerprint samples and handwriting exemplars is hereby quashed.
2. The Court directs that SHERNEQUA PACE is hereby relieved of any responsibility under the State Attorney's Investigative Witness Subpoena requesting fingerprint samples and handwriting exemplars.
3. The basis for the Court's ruling stems from SHERNEQUA PACE being the target of an ongoing investigation and that the subpoena is the equivalent of a detention invoking the Fourth Amendment of the United States Constitution. Hayes v. Florida, 470 U.S. 811 [105 S.Ct. 1643, 84 L.Ed.2d 705] [1985], Saracusa v. State, 528 So.2d 520 [Fla. 4th DCA 1988].
As to this order we note the following:
First, that Hayes involved the police coming to a defendant's home and informing the defendant that he must accompany the police to the police station for fingerprinting. If the defendant balked, the defendant was told the police would arrest him. The defendant agreed to go rather than be arrested. Obviously, for the police to take one into custody or threaten to take one into custody and thereafter take his fingerprints without probable cause and without the defendant believing he had a right to refuse is a violation of the Fourth Amendment. That scenario, however, is a far cry from what appears in this case.
Second, answering a state attorney subpoena issued for a witness to appear to testify and/or provide nontestimonial evidence before the state attorney or at trial does not amount to a detention. The person who is subpoenaed might not welcome the subpoena, but the state attorney has the constitutional duty to prosecute all crimes. Fla. Const. art. V, § 17. The state attorney also has the statutory right to summon witnesses to testify concerning any violation of the law. § 27.04, Fla. Stat. (1989). That subpoena must be honored unless excused by the state attorney or the court.
Third, as to the trial court's reliance on Saracusa, we disagree with Saracusa's conclusion. We find that the Third District court's opinion in Wyche v. State, 536 So.2d 272 (Fla. 3d DCA 1988), review denied, 544 So.2d 201 (Fla. 1989), is more persuasive than Saracusa. Wyche, and the authority upon which it relied, United States v. Euge, 444 U.S. 707, 100 S.Ct. 874, 63 L.Ed.2d 141 (1980), clearly provides that the state attorney with its constitutional and statutory duties to summon witnesses can obtain nontestimonial evidence without the showing of reasonableness and without the establishment of probable cause. Clearly, the items requested in this case are nontestimonial. See Euge and United States v. Mara, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973) (handwriting exemplars), and United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973) (fingerprints).
*1123 The petition for writ of certiorari is granted. The trial court's order is quashed, and the case is remanded for proceedings consistent with this opinion.
FRANK, A.C.J., concurs.
HALL, J., dissents with opinion.
HALL, Judge, dissenting.
I would respectfully disagree with the majority and deny the state's petition for writ of certiorari. As is stated by the majority, the record in the instant case is very sparse, and I am not able to find any support in the record for a finding that the trial court's ruling was a departure from the essential requirements of law. See State v. Pettis, 520 So.2d 250 (Fla. 1988). As discussed in Pettis, the extraordinary writ of certiorari is reserved for those situations in which "there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla. 1983). Here there has been no showing by the state that the trial judge's order materially affected the state's ability to proceed with the prosecution. I also point out that the trial judge gave the state the opportunity to tell the court why the fingerprints were necessary to proceed with the prosecution or the motion would be granted. The state failed to offer any explanation, and the trial court granted the motion.