642 So.2d 613 (1994)
Andrew B. JOSEPH, Petitioner,
v.
STATE of Florida, Respondent.
No. 94-1357.
District Court of Appeal of Florida, Fourth District.
September 9, 1994.
Richard L. Jorandby, Public Defender, and Paul Scala, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for respondent.
GLICKSTEIN, Judge.
We grant the petition for certiorari filed herein and quash that portion of the trial court's order which prohibited petitioner from wearing at trial any clothing depicting or making reference either by word, picture or symbol to his religious beliefs, ideals, affiliations or followings.[1]
*614 Upon the merits, there is scant Florida law even close on point. In Sandstrom v. State, 309 So.2d 17 (Fla. 4th DCA 1975), the court acknowledged the inherent power trial judges have to control courtroom decorum, including conduct and physical appearance of counsel. There, an attorney appeared in court without a tie and was held in contempt of court. This court affirmed, rejecting the attorney's claims of violation of his constitutional rights. However, that was not a case in which the clothing worn had any connection to the lawyer's religious beliefs or religious expression, let alone that of his client.
Closer on point is In re Palmer, 120 R.I. 250, 386 A.2d 1112 (1978), wherein the Supreme Court of Rhode Island was faced with the trial court's refusal to allow the petitioner to appear in a courtroom wearing a prayer cap. The court said:
The free exercise clause of the first amendment, which was made applicable to the states by virtue of the fourteenth amendment, Cantwell v. Connecicut, [sic] 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940), provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof* *." (Emphasis added.) Freedom of religion has been declared a "fundamental right," West Virginia State Board of Education v. Barnette, 319 U.S. 624, 638, 63 S.Ct. 1178, 1185-86, 87 L.Ed. 1628, 1638 (1943), and occupies a "preferred position" in the constitutional hierarchy. Follett v. Town of McCormick, 321 U.S. 573, 575, 64 S.Ct. 717, 718, 88 L.Ed. 938, 940 (1944), citing Murdock v. Pennsylvania, 319 U.S. 105, 115, 63 S.Ct. 870, 876, 87 L.Ed. 1292, 1300 (1943).
... .
In Sherbert v. Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963), the Court proposed the analytical framework that is utilized now in free-exercise cases. When an individual shows that the state has interfered with an action of a sincere, religious nature, then the state must establish that there was a compelling state interest in the regulation and that such an interest could not be promoted by a less restrictive means. Id. at 406-07, 83 S.Ct. at 1795-96, 10 L.Ed.2d at 972.
386 A.2d at 1114-15. It then held:
We believe that because petitioner claimed that his act was protected by the free exercise clause, in order to justifiably curtail the exercise of that alleged right the trial justice should first have allowed petitioner to display the sincerity of his religious belief, and then should have applied the second prong of the Sherbert test by balancing petitioner's first amendment right with the interest of the court in maintaining decorum in its proceedings by regulating dress in the courtroom. Only such a careful, systematic balancing of rights will insure the protections guaranteed by the first amendment and comply with the mandate of the United States Supreme Court in Sherbert v. Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965.
... .
We agree that courts have an interest in maintaining dignity and decorum by establishing various rules to govern the conduct of participants. McMillan v. State, 258 Md. 147, 265 A.2d 453 [(1970)]; LaRocca v. Lane, 47 A.D.2d 243, 366 N.Y.S.2d 456, aff'd, 37 N.Y.2d 575, 376 N.Y.S.2d 93, 338 N.E.2d 606 (1975), cert. denied, 424 U.S. 968, 96 S.Ct. 1464, 47 L.Ed.2d 734 (1976). However, the rule of Sherbert is that restrictions on religious practices are permissible only where the practices threaten public safety, peace, or order. We do not believe that wearing a prayer cap in court threatens these benchmarks enumerated in Sherbert.

Id. at 1115-16.
In our case, petitioner was prohibited from wearing a sweat shirt and jeans with ostensible *615 religious pictures and names. He contends that although his religious beliefs are not mainstream, (he believes in an "omni" type of religion incorporating many different religious denominations, and based on the deity's word being superior to the laws of man), they are nonetheless religious beliefs which he has a first amendment right to express in his courtroom attire. He cites for support International Society for Krishna Consciousness, Inc. v. Barber, 650 F.2d 430 (2d Cir.1981), for its recognition that a subjective definition of religion should be applied in constitutional analysis which examines the individual's inward religious attitudes. Id. at 439. Here, the trial judge conceded that petitioner's chosen attire was based on his religious beliefs.[2]
The present case is not a case of questionable "religious garb" which was decided by the Supreme Court of Tennessee in State v. Hodges, 695 S.W.2d 171 (Tenn. 1985), wherein three justices concurred and one dissented in an opinion which affirmed the intermediate criminal court of appeal's decision, requiring the trial court to inquire into the religious belief of the defendant who appeared in court, dressed "like a chicken." The justices said:
This case is clearly illustrative of what Mr. Justice Jackson had in mind when he said, "The price of freedom of religion or of speech or of the press is that we must put up with, and even pay for, a good deal of rubbish." United States v. Ballard, 322 U.S. 78, 95, 64 S.Ct. 882, 890, 88 L.Ed. 1148 (1944) (Jackson dissenting).
Id. at 174.
Instead, petitioner here made his case to the trial court on the required first prong of the Sherbert test. Moreover, the record is void of any evidence or basis to support the trial court's decision to completely prohibit petitioner's religious garb. If the trial court feels the need to instruct the jurors or venire persons to disregard such religious dress in performing their duties and to explain petitioner's right, such instruction would be consistent with the First Amendment and the trial court's control of its courtroom.
DELL, C.J., concurs.
POLEN, J., concurs specially with opinion.
POLEN, Judge, concurring specially.
I agree with the majority's determination to grant certiorari and quash that portion of the trial court's order precluding petitioner from wearing the complained-of attire at trial. I also agree that the trial court correctly found that the first prong of the Sherbert test had been met.
My purpose in writing separately is primarily to observe that the trial court has also precluded petitioner, in limine, from offering any evidence (or argument of counsel?) vis-a-vis his religious beliefs as they might constitute any defense to the charges, or in any manner pertaining to the case. Petitioner does not challenge that portion of the trial court's order.
NOTES
[1] The trial had been stayed by the trial court, pending resolution of this petition. Certiorari does lie, since the nature of the potential harm is irreparable. If wrongfully deprived of the right to wear his religious clothing in court, petitioner would suffer a harm which could not be remedied on appeal. Once the right were denied him, it would be lost forever. Petitioner would not be able to have the right adequately restored in an appeal from his conviction and sentence, if imposed. Other examples in which courts including this one have entertained certiorari to review challenges to the denial of constitutional rights include Clear Channel Communications, Inc. v. Murray, 636 So.2d 818 (Fla. 1st DCA 1994) (certiorari to challenge order constituting invalid prior restraint, violating first amendment); Saracusa v. State, 528 So.2d 520 (Fla. 4th DCA 1988), disapproved on other grounds, Doe v. State, 634 So.2d 613 (Fla. 1994) (fourth and fifth amendment violation reviewed by certiorari).
[2] Other cases involving a prayer cap, skull cap or "fez" religious headdresses include State ex rel. Burrell-El v. Autrey, 752 S.W.2d 895 (E.D.Mo. Ct. App. 1988), Close-It Enter., Inc. v. Weinberger, 64 A.D.2d 686, 407 N.Y.S.2d 587 (1978), McMillan v. State, 258 Md. 147, 265 A.2d 453 (1970).