770 So.2d 1164 (2000)
Bonnie BELAIR, Petitioner,
v.
Mary Frances DREW, Respondent.
No. SC96168.
Supreme Court of Florida.
October 5, 2000.
*1165 Kenneth E. Rhoden of Mario, Moreau, Gunde, Helm & Rhoden, Cocoa, Florida, for Petitioner.
No Appearance for Respondent.
PER CURIAM.
We have for review the decision in Belair v. Drew, 734 So.2d 1190 (Fla. 5th DCA 1999), which certified conflict with the decision in Williams v. Spears, 719 So.2d 1236 (Fla. 1st DCA 1998). We have jurisdiction pursuant to article V, section 3(b)(4), of the Florida Constitution. We conclude that under the circumstances of this case, the court below erred in denying certiorari review.

MATERIAL FACTS
The record in this case reflects that petitioner Bonnie Belair and Jarret Clark were adjudicated divorced on August 22, 1997. Petitioner was granted sole parental responsibility of the couple's minor child. Clark was granted limited visitation once he completed a court-ordered seminar on parenting. Subsequently, respondent Mary Frances Drew, the paternal grandmother of the minor child, petitioned the court for visitation under section 752.01(1)(b), Florida Statutes (1997), a statute which authorizes grandparent visitation rights. Thereafter, in February of 1999, the petitioner-mother sought a trial court ruling that the statute was unconstitutional because it violated her right to privacy.[1] However, the trial court refused to rule on the constitutional challenge and granted respondent temporary visitation over petitioner's objection, apparently keeping in place certain visitation arrangements that had been agreed upon in a mediation agreement.[2] The trial court *1166 then set the case for a future hearing, wherein the permanent visitation issues for both parties would be determined.
Petitioner then petitioned the Fifth District Court of Appeal for writ of certiorari, arguing that the trial court's failure to rule on the constitutionality of the grandparent visitation statute violated her right to privacy. The district court denied certiorari on the ground that "an adequate remedy will exist at the end of the case below" and "intrusion into the trial court process is not shown to be warranted." Belair, 734 So.2d at 1190. The court reasoned that "in the end the trial court may rule in such fashion as to moot the point of whether the statute is unconstitutional." Id. The district court further reasoned that "[c]ourts are not wont to examine the constitutionality of a statute and especially reluctant to declare one unconstitutional if not faced with the duty unavoidably." Id. In so concluding, the district court certified conflict with Williams, which held that certiorari review should be granted where a party's constitutional rights may be abridged by the continuance of the proceedings below and, therefore, such abridgement could not be remedied on final appeal. See 719 So.2d at 1238-39. We have accepted jurisdiction to resolve the issue of whether certiorari review by a district court is appropriate in such circumstances.

ANALYSIS
"Common law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders." Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla.1987). For an appellate court to review a nonfinal order by petition for certiorari, the petitioner must demonstrate that the trial court departed from the essential requirements of the law, thereby causing irreparable injury which cannot be adequately remedied on appeal following final judgment. See Jaye v. Royal Saxon, Inc., 720 So.2d 214, 215 (Fla. 1998); Globe Newspaper Co. v. King, 658 So.2d 518, 519 (Fla.1995); Allstate Insurance Co. v. Langston, 655 So.2d 91, 94-95 (Fla.1995); Martin-Johnson, Inc., 509 So.2d at 1099. In this case, petitioner alleges that the trial court's order mandating grandparent visitation over her objection unconstitutionally infringes on her personal parental rights, the violation of which cannot be remedied on subsequent appeal.

Williams v. Spears
In Williams, the court granted certiorari to review a trial court order denying a motion to dismiss the grandmother's petition for visitation on the grounds that section 752.01(1)(b), Florida Statutes (1997), was unconstitutional as applied. The Williams court concluded:
With regard to a non-parent, visitation rights are statutory and a court has no inherent authority to award visitation. Accordingly, if the statute under which Spears seeks visitation with her granddaughter is unconstitutional as applied to the parents in this case, the court has no authority to proceed with this litigation, which would include, at the least, an inquiry into the parents' decision-making process concerning their child. Therefore, we conclude that if the statute is unconstitutional as applied, the parents will have suffered irreparable injury by going through this proceeding and having the question of constitutionality answered only on a plenary appeal or not at all, if the court does not order visitation. The damage sought to be avoided by the parents would have already been done, that being the inquiry into their private decision making-process concerning the best interest of their child.
719 So.2d at 1239 (citation omitted). Accordingly, the district court granted the writ and addressed the constitutionality of the statute.
*1167 In Williams, the District Court granted certiorari because the parents' constitutional right to privacy was affected "by the very continuance" of the proceedings in the trial court, and any infringement during those proceedings could not be remedied upon appeal after the conclusion of the proceedings. In support of its conclusion, the district court relied on Joseph v. State, 642 So.2d 613 (Fla. 4th DCA 1994), Clear Channel Communications, Inc. v. Murray, 636 So.2d 818 (Fla. 1st DCA 1994), and Saracusa v. State, 528 So.2d 520 (Fla. 4th DCA 1988). In each of those cases it had also been determined that no adequate remedy would exist upon final appeal for an alleged continuing violation of constitutional rights during the trial proceedings. See Joseph, 642 So.2d at 613 n. 1 (granting certiorari where trial court prohibited petitioner from wearing clothing depicting his religious beliefs during trial); Clear Channel, 636 So.2d at 818, 820 (granting certiorari where trial court order prohibiting televised segment of television show "America's Most Wanted" violated Clear Channel Communications' First Amendment right to freedom of press); Saracusa, 528 So.2d at 521 (granting certiorari where trial court order subjecting petitioner to lineup and blood sample violated his Fourth and Fifth Amendment rights).

The Instant Case
Here, the trial court temporarily granted the grandmother visitation rights and set the matter for a future hearing to determine permanent visitation rights. On its face, such ruling directly contravenes the petitioner's right to privacy and decision-making in rearing her child. While the trial court may later determine that respondent's visitation request is not in the best interest of the child or that the forced visitation is unlawful, that later determination cannot alter what the visitation order has already mandated. The harm petitioner seeks to avoid would have already been done. See Williams, 719 So.2d at 1239. We agree with the holding of the court in Williams, and therefore conclude that the district court erred in not granting certiorari review to petitioner and addressing the challenged statute.

CONCLUSION
Based on the foregoing analysis, we hereby quash the decision below, approve the opinion in Williams, and remand this case to the district court for further proceedings in accord herewith.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] This Court has declared different provisions within section 752.01 unconstitutional. See Saul v. Brunetti, 753 So.2d 26 (Fla.2000) (declaring unconstitutional section 752.01(1)(d) concerning grandparent visitation where the minor child is born out of wedlock); Von Eiff v. Azicri, 720 So.2d 510 (Fla.1998) (declaring unconstitutional section 752.01(1)(a) concerning grandparent visitation where one or both parents are deceased); Beagle v. Beagle, 678 So.2d 1271 (Fla.1996) (declaring facially unconstitutional section 752.01(1)(e) concerning grandparent visitation with minor child living with both natural parents). Similarly, the United States Supreme Court recently held that a Washington statute granting grandparents the right to petition for visitation rights "whenever visitation may serve the best interest of the child" unconstitutionally infringed on the parents' fundamental right to rear and "make decisions concerning the care, custody, and control of their children." Troxel v. Granville, 530 U.S. 57, ___ _ ___, 120 S.Ct. 2054, 2060-61, 147 L.Ed.2d 49 (2000) (plurality opinion).
[2] The record does not contain a copy of the agreement or indicate when the agreement was signed.