BLUE, Chief Judge.
The petition for writ of prohibition is granted and the order for preventive services entered by the trial court is quashed. The trial court was acting in excess of its jurisdiction when it ordered that A.S., the mother, make her three children available to their grandparents to permit the grandparents to assess the medical, dental, and educational “situations”; ordered A.S. to deliver the children to their grandparents for overnight visitations; and authorized the grandparents to obtain medical, dental, and educational evaluations of the children, absent a finding that the children were dependent.
The maternal grandparents initiated a dependency action by filing a dependency petition in the circuit court. The grandparents also filed a motion to obtain custody of the children. The order under review was entered at the close of the hearing on the motion for custody.
The right to raise one’s children without interference from the state is a fundamental right that cannot be abrogated absent a compelling state interest. See Beagle v. Beagle, 678 So.2d 1271, 1276 (Fla.1996). Protecting a child from “demonstrable harm” is a compelling state interest that justifies state intrusion on the right. Id. The legislature has provided a lengthy definition of harm in section 39.01(30), Florida Statutes (2002). Through chapter 39, the legislature has also supplied the framework for state action when children are subject to or threatened with harm. When individuals enlist the judicial system to intervene in a parent/ehild relationship,. the court must scrupulously adhere to the pertinent statutes in determining whether such interference is warranted. After deciding that the evidence did not warrant placing the children in shelter care, the trial judge could not legally order A.S. to perform any action with respect to the children absent a finding of dependency.
This case represents an unfortunate situation in which the grandparents obviously care for the children. However, their status as grandparents does not confer on them any special rights to direct the upbringing of these children or to visit with the children without the parents’ permission. We are hopeful that the parties can look past their differences and work together in the best interests of the children.
Prohibition granted, writ quashed, and case remanded to trial court.
DAVIS, J., and THREADGILL, EDWARD F„ SENIOR JUDGE, Concur.