898 So.2d 254 (2005)
In the Interest of D.R., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 3D04-1977.
District Court of Appeal of Florida, Third District.
March 16, 2005.
Vincent J. D'Antonio, for appellant.
Calianne P. Lantz, Assistant District Legal Counsel, Department of Children and Family Services, and Hillary S. Kambour, Program Attorney, Guardian Ad Litem, for appellee.
Before GERSTEN and FLETCHER, JJ. and HARRIS, Senior Judge.
GERSTEN, J.
Appellant, D.R. ("mother"), seeks reversal of an adjudication of dependency of her child. The mother claims her child did not suffer any harm from being present in the *255 home during domestic violence incidents between the parents. We affirm.
The appellee, Department of Children and Family Services ("Department"), filed a dependency petition, alleging that the mother and the child's father engaged in domestic violence while the child was present, and that both parents had violated stay away orders. The allegations in the petition specified:
"On or about January 25, 2004, the mother was arrested for being violent towards the father. The parents engaged in a verbal altercation that resulted in the mother slapping the father and pushing him. The child was present in the room at the time of the altercation. . . . [T]he father was arrested for false imprisonment and aggravated battery against the mother."
At the adjudicatory dependency hearing, both the mother and father testified that they had engaged in verbal and physical altercations on multiple occasions. The father further testified that although the child was always present, and had even made attempts to reconcile the parents, the child did not actually see the physical contact. The child's paternal grandmother also testified that she had witnessed verbal arguments between the mother and father.
The mother testified that she hit the father many times and that they had both been arrested for domestic violence. The mother contends, however, that the child did not see the physical altercations, and therefore did not suffer harm. We disagree.
Here, the trial court found the child was adversely affected by the altercations in the house, even though there was insufficient evidence to conclude the child witnessed physical altercations. The trial court adjudicated the child dependent as to the mother, based upon the findings that:
"[B]oth the mother and the father admitted to engaging in frequent verbal disputes in the familial home, which sometimes escalated to physical violence, while the child was present in the home. The Court found [the father's] testimony that the child sometimes attempted to reconcile the parents, herself, following the disputes to be very compelling. Therefore, the Court finds that child was aware of domestic disputes and that such knowledge had an adverse affect on the child."
We agree with the trial court's well reasoned findings.
An adjudication of dependency will be upheld where competent substantial evidence supports the trial court's findings of fact. See M.F. v. Dep't of Children and Families, 770 So.2d 1189 (Fla.2000); M.W. v. Dep't of Children and Family Services, 881 So.2d 734 (Fla. 3d DCA 2004); T.R. v. Dep't of Children and Families, 864 So.2d 1278 (Fla. 5th DCA 2004); A.D. v. Dep't of Children and Families, 837 So.2d 1078 (Fla. 5th DCA 2003). This record contains competent substantial evidence demonstrating a history of physical and verbal altercations between the mother and father while the child was in the home.
Here, the child was aware of multiple verbal altercations between the parents. The child's attempt to reconcile her parents after they engaged in altercations reflects her awareness of the fights and shows that the fights disturbed her.[1] Every child has the right to feel safe in their own home. This child, however, did not enjoy that basic right. Instead, the experience *256 of family violence created an environment of fear, uncertainty and helplessness.[2]
Millions of children each year are the unheard victims of domestic violence.[3] Watching, hearing, or even later learning of a parent being abused by a partner threatens a child's sense of stability and security. Unfortunately, research indicates that a child's exposure to domestic violence not only threatens a child's security, but can also have significant long term negative effects.[4] These serious negative effects include behavioral, emotional, social, academic and developmental problems throughout childhood that follow into adulthood.[5] Children who witness or are aware of domestic violence at home are at risk of suffering from withdrawal, hyper vigilance, nightmares, self blame, developmental regression and post traumatic stress disorder.[6] In order to minimize the risk of long term damage, the safety and security of a child's environment needs to be restored.[7]
Accordingly, the adjudicatory order of dependency as to the mother is affirmed in all respects. See T.R. v. Dep't of Children and Families, 864 So.2d 1278 (Fla. 5th DCA 2004). We further commend the trial judge for her diligence.
Affirmed.
NOTES
[1] Studies show that 80-90 percent of children living in homes of domestic violence are aware of the violence. Murray Straus and Richard Gelles, Behind Closed Doors: Violence in the American Family, (Doubleday, 1980).
[2] In homes where domestic violence occurs, fear, instability and confusion replace the love, comfort and nurturing that children need. Children often feel guilt for loving the abuser or blame themselves for causing the violence. "Domestic Violence, Understanding A Community Problem," National Woman Abuse Prevention Fund.
[3] It is estimated that between 3.3 and 10 million children are affected by domestic violence every year. See Marielsa Barnard, Domestic Violence's Impact on Children, 36 MD B.J. 10 (May/June 2003).
[4] See Peter Jaffe, David Wolfe, and Susan Wilson, Children of Battered Women (Sage Publications 1990); Louise Areseneault, Avshalom Caspi, Sara Jaffe, Terrie Moffitt, Alan Taylor, Influence of Adult Domestic Violence on Children's Internalizing and Externalizing Problems: An Environmentally Informative Twin Study, 41 J. AM. ACAD. OF CHILD & ADOLESCENT PSYCHIATRY 9 (2002).
[5] See Lucy Carter, Lois Weithorn, and Richard Behrman, Domestic Violence and Children: Analysis and Recommendations, Domestic Violence and Children, Vol. 9, No. 3 (Winter 1999).
[6] Einat Peled, Peter Jaffe and Jeffrey Edelson, Ending the Cycle of Domestic Violence: Community Responses to Children of Battered Women, (Sage Publications, 1995)
[7] Peter Jaffe, Linda Baker, Allison Cunningham, Protecting Children from Domestic Violence: Strategies for Community Intervention, (Guilford Press, 2004).