927 So.2d 1088 (2006)
T.M., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D05-3878.
District Court of Appeal of Florida, Fourth District.
May 17, 2006.
Kenneth M. Kaplan, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tricia D. Brissett, Assistant Attorney General, Fort Lauderdale, for appellee.
STEVENSON, C.J.
T.M.'s two sons, J.L.1 and J.L.2, were adjudicated dependent on June 5, 2003, and placed with their maternal grandmother. When the children were returned to T.M.'s custody, the grandmother initially had an "understanding" with T.M. for visitation privileges. Following a hearing on June 13, 2005, the General Master filed a report stating visitation was "NA-Children *1089 are in the home." A subsequent report was filed on July 11, 2005, requiring that the grandmother continue to have the visitation she had prior to the June 13, 2005 hearing and stating that it was not in the children's best interests for the court to terminate protective supervision. T.M. now appeals the trial court's order denying termination of supervision and requiring continued visitation for the grandmother. We affirm the continuation of protective supervision as the record supports the trial court's determination that maintaining protective supervision is in the children's best interests. We reverse, however, the visitation order.
"Generally, a grandparent is entitled to reasonable visitation with a grandchild who has been adjudicated dependent and taken from the physical custody of the parent." In re S.D., 869 So.2d 39, 40 (Fla. 2d DCA 2004) (referencing 39.509, Fla. Stat.). However, as we stated in L.B. v. C.A., 738 So.2d 425, 427 (Fla. 4th DCA 1999), those visitation rights terminate "when a child has been returned to the physical custody of a parent or others." Accordingly, we agree that once the children were returned to T.M.'s custody, the trial court erred in ordering her to provide the grandmother with visitation. In light of our reversal of this portion of the trial court's order, we need not reach the merits of the final issue raised.[1]
Affirmed in part and Reversed in part.
GUNTHER and TAYLOR, JJ., concur.
NOTES
[1] In her final point on appeal, the mother challenges the constitutionality of section 39.509, Florida Statutes, which provides that grandparents are entitled to reasonable visitation with a grandchild who has been adjudicated dependent and taken away from the physical custody of the parent. This issue, now moot, was not raised in the trial court and therefore was not properly preserved for appeal. See State v. Turner, 224 So.2d 290 (Fla.1969).