945 So.2d 537 (2006)
L.H., Petitioner,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Respondent.
No. 3D06-2834.
District Court of Appeal of Florida, Third District.
November 22, 2006.
*538 Albert W. Guffanti, Miami, for petitioner.
Karla Perkins, Miami, and Hillary Kambour for respondent.
Before RAMIREZ, CORTIÑAS and LAGOA, JJ.
RAMIREZ, J.
Petitioner L.H. seeks certiorari review of the trial court's order in which the court directed the Department of Corrections to keep him incarcerated in Miami-Dade County to secure his appearance at his upcoming advisory hearing and trial on the Department of Children and Family Services' petition for termination of parental rights. We grant the petition, finding that the court's order departs from the essential requirements of the law which will cause the petitioner irreparable harm.
L.H. is the father of a three-year old child determined dependent as to the father because the father is incarcerated at Apalachee Correctional Institution. The father has a possible early release date of August 20, 2007. He is currently incarcerated in Miami-Dade County since his attendance at a hearing held on October 17, 2006 after which the trial court entered the order now under review. The father does not receive incentive gain time for the time served in Miami-Dade County. The advisory hearing on the department's petition is set to occur on November 29, 2006. The trial date has not yet been set.
Section 39.808, Florida Statutes (2005), which governs advisory hearing proceedings, does not require the presence of a parent at either the advisory hearing or trial. In its response to the petition, the department only states that it agrees that permanency will be achieved at the same pace, regardless of where the father is located. We could find no adequate ground in support of the trial court's decision, and therefore conclude that the order under review departs from the essential requirements of the law. See Belair v. Drew, 770 So.2d 1164 (Fla.2000).
*539 Furthermore, enforcement of the court's order, at the very least, causes irreparable harm to the father. The father cannot receive incentive gain time for the time held in Miami-Dade County, and this effectively adds more time to the time during which the father cannot be reunited with his son upon the father's release from prison.
We therefore grant the petition, and quash the order under review. This opinion shall take effect immediately notwithstanding the filing of any motions for rehearing.
Petition granted.