SHEPHERD, J.
 

 M.H., the mother, petitions this Court for a writ of certiorari to review a nonfinal order granting the paternal grandmother of the child, M.P., unsupervised visitation with the child. We grant the petition and quash the order under review.
 

 In March 2008, M.P. was removed from her mother’s custody and placed with the paternal grandmother. DCF filed a petition for dependency, to which the mother, in August 2008, consented. In June 2009, the trial court granted the mother’s motion for reunification with her daughter and, pursuant to a custody release order, the child was returned to the mother’s care. On the same day, however, the trial court entered a visitation order, allowing the paternal grandmother, “overnight weekend bi-weekly visitation and daytime visits two times during the week.” It is this order mother seeks to quash.
 

 Section 39.509, Florida Statutes (2008), allows grandparent visitation when a child has been adjudicated dependent and taken from the physical custody of the parent. However, section 39.509(4), Florida Statutes (2008) states, “When the child has been returned to the physical custody of his or her parent, the visitation rights granted pursuant to this section shall terminate.” (emphasis added). Accordingly, the trial court departed from the essential requirements of the law when it ordered visitation with the paternal grandmother once the child was returned to M.H.’s physical custody.
 
 See T.M. v. Dep’t of Children & Families,
 
 927 So.2d 1088, 1089 (Fla. 4th DCA 2006);
 
 L.B. v. C.A.,
 
 738 So.2d 425, 427 (Fla. 4th DCA 1999);
 
 see also Troxel v. Granville,
 
 530 U.S. 57, 72, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (reaffirming parents’ fundamental right to make decisions concerning care, custody, and control of their children).
 

 
 *1100
 
 This opinion will take effect immediately, notwithstanding the filing of any motions for rehearing.
 

 Petition granted; order quashed.