# Third District Court of Appeal

## State of Florida

Opinion filed September 2, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1554
Lower Tribunal No. 99-15605
_____

## Florida Department of Children and Families,
Petitioner,

vs.

## N.H., the Father,
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Karla Perkins, Department of Children & Families, for petitioner.

Sharon Wolling, for respondent.

Before SALTER, FERNANDEZ and LOGUE, JJ.

SALTER, J.

The Florida Department of Children and Families ("DCF") petitions for a writ of certiorari to quash a circuit court order entered in a dependency case. That order relieved the respondent, N.H. (the "Father"), from complying with the tasks enumerated in an earlier case plan. Finding DCF's petition well taken, we grant the petition and quash that portion of the order of June 8, 2015.

In March 2014, the Father's child (then three years old and also named N.H. (the "Child")) was adjudicated dependent as to the Father. The Father consented to that adjudication and acknowledged a history of domestic violence with the child's mother in the presence of the Child. The Father did not seek review of the adjudicatory order.

Under his case plan, N.H. was required to obtain services and complete enumerated tasks. He did not do so. In May 2015, however, the trial court vacated the Father's consent plea and the adjudication of dependency based on the Father's claimed heart condition and a finding of duress. The Father was excused from completion of any further services.

DCF and the Guardian Ad Litem Program ("GAL") moved for rehearing of the May order, and the trial court conducted a further hearing on that motion on June 8, 2015. DCF introduced the testimony of the Child's Mother that, as recently as the Memorial Day weekend before the hearing, she had called the police because the Father had punched her in the mouth and choked her. She

testified that this occurred in the presence of the Child. The court vacated its May 2015 order and reinstated the dependency adjudication as to the Father, but again entered an order excusing the Father from performing under the case plan. DCF's timely petition followed.[1]

Analysis

Certiorari may be granted where a trial court's actions "exceed its judicial authority by encroaching on the powers of the executive branch by ordering it to take some action not permitted by law." Dep't of Corr. v. Harrison, 896 So. 2d 868, 869 (Fla. 5th DCA 2005). DCF bears the burden of demonstrating that the trial court departed from the essential requirements of law, thereby causing irreparable injury which cannot be adequately remedied on appeal after final judgment. Belair v. Drew, 770 So. 2d 1164, 1166 (Fla. 2000).

Section 39.6013, Florida Statutes (2015), authorizes the amendment of a case plan by the court or by agreement of all parties when certain conditions have occurred, and only in those circumstances. In the present case, the recent recurrence of violence in the presence of the child contradicted the claim that the Father no longer needed services. No competent, substantial evidence supported the elimination of any of the services or the amendment of the case plan. Fla.

---

[1] GAL did not file a separate petition. It filed a notice reporting that GAL "shares the petitioner's position that the father should not have been excused from case plan tasks."

3

Dep't of Children & Families v. R.A., 980 So. 2d 578 (Fla. 3d DCA 2008). The Father's claim of a heart condition might excuse non-attendance at a particular domestic violence class on a particular day, but the existing record provides no basis for that or for the more expansive ruling that the Father "is relieved of his case plan tasks."

The case plan was established for the benefit of the Child. M.I. v. Dep't of Children & Families, 45 So. 3d 878 (Fla. 4th DCA 2010). The elimination of the tasks and services comprising the plan exposes the Child to more of the same harm that prompted the filing of the petition and a shelter order in 2014. The history of domestic violence in this record, and the detrimental effect on the Child of witnessing domestic violence,[2] is precisely the kind of imminent risk of harm that cannot be remedied in a later appeal.

Petition granted; the order of June 8, 2015, is quashed insofar as it provides that the Father "is relieved of his case plan tasks, over Department and GAL's objection."

---

[2] D.R. v. Dep't of Children & Families, 898 So. 2d 254 (Fla. 3d DCA 2005).