IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RAYON PAYNE, INDIVIDUALLY
AND O/B/O C.P., A CHILD,

      Appellant,

 v.

      Case No.  5D21-2427
      LT Case No. 2017-DR-3264

SANDRA KOCH,

      Appellee.

_____/

Opinion filed April 14, 2022

Nonfinal Appeal from the Circuit Court
for Seminole County,
Susan Stacy, Judge.

Rayon Payne, Orlando, pro se.

No Appearance for Appellee.


SASSO, J.

     Rayon Payne ("Father") appeals the nonfinal order of the trial court

issued after a hearing on his Emergency Motion for Child Pickup. On appeal,

he argues the trial court erred by granting relief not requested in the motion

when it ordered that his minor child be enrolled in behavioral therapy. Because Father seeks review of a nonfinal order that is not reviewable pursuant to Florida Rule of Appellate Procedure 9.130, we treat the appeal as a petition for a writ of certiorari. *See* Fla. R. App. P. 9.040(c); *Thompson v. Melange*, 311 So. 3d 898, 899 (Fla. 1st DCA 2020) ("Because the order is a nonfinal order, and not appealable under rule 9.130, we treat the appeal as a petition for writ of certiorari . . . .").[1] And for the reasons that follow, we grant the petition.

In reviewing a petition for a writ of certiorari, this Court must first determine whether there is a material injury that cannot be corrected on appeal, otherwise termed as irreparable harm. *Rodriguez v. Miami-Dade Cnty.*, 117 So. 3d 400, 404 (Fla. 2013). "Only after irreparable harm has been established can an appellate court then review whether the petitioner has also shown a departure from the essential requirements of law." *Id.*

In this case, Father is challenging the portion of the trial court's order directing the parties to enroll their minor child in behavioral therapy. The question then becomes whether having the child participate in behavioral

---

[1] The order also requires that Mother attend counseling and that Father pay 50% of the expenses associated with Mother's counseling. It does not appear that Father challenges this portion of the order. Therefore, this opinion addresses only the portion of the order directing Father's minor child to attend behavioral therapy and the associated expenses.

therapy against the express wishes of his father causes irreparable harm that cannot be remedied on plenary appeal. We conclude that it does.

Our conclusion finds support in *Belair v. Drew*, 770 So. 2d 1164 (Fla. 2000), in which the mother alleged that a "trial court's order mandating grandparent visitation over her objection unconstitutionally infringe[d] on her personal parental rights, the violation of which cannot be remedied on subsequent appeal." *Id.* at 1166. The trial court temporarily granted the grandmother visitation rights and set a future hearing to determine permanent visitation rights. *Id.* at 1167. The Florida Supreme Court determined:

> While the trial court may later determine that respondent's visitation request is not in the best interest of the child or that the forced visitation is unlawful, that later determination cannot alter what the visitation order has already mandated. The harm petitioner seeks to avoid would have already been done.

*Id.* Accordingly, the Court concluded that the district court erred in not granting certiorari review. *Id.*; *see also Von Eiff v. Azicri*, 720 So. 2d 510, 516 (Fla. 1998) (holding that parents had "a constitutional right of privacy in their decision to limit the grandparents' visitation with their child" that could not be infringed upon by unwarranted governmental interference); *Russell v. Pasik*, 178 So. 3d 55, 58 (Fla. 2d DCA 2015) (finding irreparable harm would result from allowing children to spend time with non-biological parent as case

3

proceeds because it would interfere with the constitutional privacy interest in the raising of the children); *Williams v. Spears*, 719 So. 2d 1236, 1239 (Fla. 1st DCA 1998) ("The damage sought to be avoided by the parents would have already been done, that being the inquiry into their private decision-making process concerning the best interests of their child.").

We next consider whether Father has demonstrated the trial court departed from the essential requirements of law. In this regard, Father argues that the trial court erred by granting relief not requested in the pleadings and not properly noticed. Again, we agree.

"A ruling constitutes a departure from the essential requirements of law when it amounts to a violation of a clearly established principle of law resulting in a miscarriage of justice." *Clay Cnty. v. Kendale Land Dev. Inc.*, 969 So. 2d 1177, 1180 (Fla. 1st DCA 2007) (internal quotations omitted). Fundamentally, it is improper to enter an order which exceeds the scope of relief sought by the pleadings, absent notice which affords the opposing party an opportunity to be heard with respect to the proposed relief. *Williams v. Williams*, 690 So. 2d 601, 603 (Fla. 1st DCA 1996). That notice was not provided here. Rather, the trial court "on its own motion" ordered counseling services not requested by either party and ordered Father to pay for a portion of those services. Father's limited response to this surprise relief after it was

4

ordered did not constitute trial by consent nor did it cure the trial court's due process violation. *See, e.g.*, *Richard v. Bank of Am., N.A.*, 258 So. 3d 485, 488–89 (Fla. 4th DCA 2018) ("Generally, notice after the fact does not satisfy due process."); *Epps v. State*, 941 So. 2d 1206, 1207 (Fla. 4th DCA 2006) ("A motion for rehearing is not a sufficient, meaningful opportunity to be heard. To be fair or meaningful, the opportunity to be heard must be provided 'before rights are decided.'" (citations omitted)); *Viets v. Am. Recruiters Enters., Inc.*, 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006) ("Generally, due process requires fair notice and a real opportunity to be heard and defend in an orderly procedure *before* judgment is rendered."). As a result, we determine the trial court departed from the essential requirements of law by granting relief not requested by either party and without providing notice or a meaningful opportunity to be heard. *See, e.g.*, *Thompson*, 311 So. 3d at 902–03 (concluding trial court departed from the essential requirements of the law by ordering relief not requested by the parties in the pleadings or at the hearing).

Father also argues that the trial court lacked the statutory authority to order behavioral counseling for Father's child. We do not reach this issue as it is not necessary to the disposition of this petition.

For the reasons stated above, we quash the portion of the order requiring Father's minor child to attend behavioral therapy and ordering Father to pay for 50% of the expenses associated with the child's behavioral therapy.

PETITION GRANTED IN PART; ORDER QUASHED IN PART.

LAMBERT, C.J., and COHEN, J., concur.